United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20488
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER FRANCISCO MEDINA-PEREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(4:04-CR-467-3)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Javier Francisco Medina-Perez (Medina)
appeals his conviction following his guilty plea to conspiracy to
produce false identification documents; production of false
identification documents; transfer of false identification
documents; fraud and misuse of visas, permits, and other documents;
and aiding and abetting the same. Medina argues that the district
court violated his Sixth Amendment rights under United States v.
Booker, 543 U.S. 220 (2005), when it increased his base offense

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

level by nine levels under U.S.S.G. § 2L1.2(b)(2)(C), because the facts warranting the increase were not found by a jury and not admitted by him. As the Guidelines were only advisory when Medina was sentenced, the Sixth Amendment was not implicated when the district court increased his base offense level. See Booker, 543 U.S. at 245. Medina's alternative argument that the district court clearly erred when it applied § 2L1.2(b)(C)(2) is unavailing. The PSR established that the conspiracy went on for about 40 weeks and that the conspirators produced an average of seven documents a week during the course of the conspiracy, meaning that 280 documents were involved. This, combined with the forensic evidence that 578 names were retrieved from computers, does not support "a definite and firm conviction" that the district court made a mistake when it attributed more than 100 documents to Medina. See United States v. Betancourt, 422 F.3d 240, 248 (5th Cir. 2005); United States v. De Jesus-Batres, 410 F.3d 154, 164 (5th Cir. 2005), cert. denied, 126 S. Ct. 1020 (2006).

AFFIRMED.